IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY McGINLEY and | : | CIVIL ACTION |
| CATHERINE McGINLEY | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. BARATTA, ESQ.,   et al. | : | 06-510 |

ORDER AND OPINION

JACOB P. HART                                                                    DATE:   August 8, 2006
UNITED STATES MAGISTRATE JUDGE

I.   Introduction

In this legal malpractice action, Plaintiffs Timothy and Catherine McGinley maintain that their former attorneys, Anthony J. Baratta, and Joseph P. Stampone, and the firms of Baratta & Russell, P.C. and Stampone, D'Angelo, Renzi, DiPiero, P.C., wrongly failed to file their medical malpractice action before the expiration of the statute of limitations.  Defendants Stampone and Stampone, D'Angelo, Renzi, DiPiero, P.C., have now filed a motion to compel Plaintiffs to answer interrogatories served upon them.  They claim that the responses already filed by Plaintiffs were inadequate.  For the reasons set forth below, I will grant Defendants' motion for the most part, with a few modifications as noted herein.

II.   Factual and Procedural Background

According to their Complaint, Plaintiffs sought legal counsel from Stampone and his law firm in February, 2003, in connection with a motor vehicle accident of July 26, 2002, in which Timothy McGinley was injured.  Complaint at ¶ 28.  Stampone referred the Plaintiffs to Baratta in June, 2003.  Id. at ¶ 29.

The defendants prepared to file a medical malpractice action against a physician who prescribed narcotic pain killers for McGinley while knowing, or while he should have known, that McGinley had earlier become addicted to narcotic pain killers prescribed by the same doctor. Id. at ¶¶ 21-25.  The motor vehicle accident at issue took place while McGinley was under the influence of these prescription pain killers.  Id. at 23.

According to the Complaint, Defendants terminated their relationship with Plaintiffs in February, 2004.  Complaint at ¶ 38.  Plaintiffs obtained new counsel.  When the case was eventually filed in this court, however, it was dismissed for failure to meet the one-year statute of limitations for a medical malpractice action.  The Court ruled that the statute of limitation expired on July 26, 2003, one year from the date of Mr. McGinley's accident.  At that time, Plaintiffs were represented by Baratta and Stampone.  Complaint at ¶¶ 42-43.  On February 1, 2006, Plaintiffs filed this legal malpractice action.

Defendants Stampone and Stampone, D'Angelo, Renzi, DiPiero, P.C., served a set of interrogatories upon Plaintiffs on May 15, 2006.  Answers were forwarded on June 23, 2006.  Defendants maintain, however, that the responses to Interrogatories 3, 5, 6, 8, 9, 10, 11, 12 and 14 are inadequate.

III.   Legal Standard

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947).

The onus is on the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996): "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Momah, id., citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). However, once the objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, id. Then, the party opposing discovery must convince the court why discovery should not be had. Id.

IV. Discussion

A. **Interrogatory No. 3: Identify and describe in detail all injuries sustained as a result of the alleged medical treatment set forth in Plaintiffs' Compliant, including a description or computation of all items of resulting damages or loss Plaintiffs contend are the fault of the propounding party or the Defendants in the Underlying Action and the factual basis for such assertions. Fully set forth the details of all expenses incurred as a result of the injuries alleged in Plaintiffs' Complaint, medical or otherwise, whether or not personally paid or owed by Plaintiffs, and the source of payment of each expense, including the amounts received, the dates, names and addresses of the payors and the reason for the payment.**

**Plaintiffs' Response:** Plaintiffs object to this Interrogatory given that the information contained in the Plaintiffs' medical records is equally available, and is as easily obtainable, to the Defendants as it is to the Plaintiffs. However, without waiving this objection, on May 19, 2006 Plaintiffs provided Defendants' attorneys with the opportunity to review and copy all non-privileged contents of Plaintiffs' file in accordance with Rule 26 of the Federal Rules of Civil Procedure. Defendants can inspect and copy any records, at their expense, that Plaintiffs possess and have not previously produced. Defendants can inspect these documents during a mutually convenient time at the office of Plaintiffs' attorneys.

I agree with Defendants that this response is inadequate. Since Defendants represented Plaintiffs in the medical malpractice action, they are likely to have at least some of Timothy McGinley's medical records. This, however, is of limited significance. Most defendants have

some information about the subject matter of the lawsuit in which they are named.  This does not justify plaintiffs in providing interrogatory responses that, in effect, ask the defendants to figure things out for themselves.

Plaintiffs must provide Defendants with sworn representations of what they see as the facts of their own case.  At the same time, Plaintiffs need not "reinvent the wheel."  They are entitled to refer to, or include by reference, any *specific* documents which provide information responsive to the interrogatory.  This should not be troublesome; Plaintiffs have conceded that the documents in this case "are in no way voluminous."  Plaintiffs must then provide Defendants with copies of the documents to which they pointed, if they are not already in Defendants' hands.

**B.** **Interrogatories 8-10 and 14**

>**Interrogatory 8:  Without referring to Plaintiffs' Complaint, set forth all evidence and facts that tend to support the allegations set forth in Paragraph 22 of Plaintiffs' Complaint that George W. McGinley, M.D. and Walter's Pharmacy knew or should have known that Plaintiff Timothy McGinley was treating with methadone and was addicted or subject to addiction to narcotic painkillers at any time relevant, specifically in or about June, 2002.**

>**Interrogatory 9:  Without referring to Plaintiffs' Complaint, identify all evidence and facts that tend to support Plaintiffs' allegations contained in Paragraph 25 of the Complaint that George W. McGinley, P.C. and Walter's Pharmacy failed to warn and/or advise Plaintiff Timothy McGinley of the dangers of his care and/or addiction or the treatment thereof, failed to properly treat Plaintiff Timothy McGinley as an addicted person, failed to take the appropriate steps to avoid the dangers associated with the use of narcotic painkillers, and knew, or could or should have known, that plaintiff Timothy McGinley could not control his use of narcotic medicines.**

>**Interrogatory 10:  Describe in detain the background and circumstances, describing all communications and documents, regarding the creation or the termination of any relationships between any Defendant and each Plaintiff. Identify the dates of each contact between each Plaintiff and the above named Defendants, including the identity of the person involved, the nature of the contact, and a summary of each contact with each Defendant.**

>    **Interrogatory 14:  Please describe all traumatic accidents or injuries in which Timothy McGinley has been involved since 1995 including a description of the incident, the parties involved, the nature of the injury, whether any claim was brought, the names of all counsel involved in any claim and the result of any claim.**

In response to each of these Interrogatories, Plaintiffs stated only:  "See Interrogatory No. 3."  As I have explained above, the response to Interrogatory 3 is not adequate.  As with Interrogatory 3, I will direct Plaintiffs to provide answers setting forth what they see as the facts of their own case.  Despite Defendants' instruction to the contrary, Plaintiffs may refer to their Complaint, but should not rely upon in exclusively, since it does not set forth supporting facts.

C. **Interrogatory 5:  Provide the name and address of each health care provider from whom you have sought treatment or consultation since 1991, including but not limited to all injuries you allege were sustained because of the allegations set forth in Plaintiffs' Complaint.**

**Plaintiffs' Response:**  Plaintiffs object to this Interrogatory to the extent that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Defendants had an opportunity to review Plaintiffs' files, during which time they could copy all non-privileged medical records.  Notwithstanding said objection, Plaintiffs recall the following additional health care information.  [Insurance information follows].

Since Plaintiffs are seeking to obtain from Defendants compensation for the injuries Timothy McGinley sustained in his accident, the relevance of his medical treatment to this case is obvious.  If Catherine McGinley intends to argue that she sustained medical injury, whether physical or mental, her medical treatment is also at issue.  The fact that "Defendants had an opportunity to review Plaintiffs' files" does not eliminate Plaintiffs' responsibility to provide information in response to this interrogatory, even if it is only by listing – and providing copies of – *specific* records or documents.

However, the time period from 1991 to the present appears unduly broad, since McGinley's accident took place in 2002. Defendants have not explained why they need to go so far back in time. Therefore, Plaintiffs need provide only an answer which extends from the year 1995 until the present.

**D.     Interrogatory 6: Describe in detail anything and everything ever communicated to you, in writing or orally, regarding the medical care, treatment, medications, addiction and methadone treatment described by Plaintiffs in the Complaint, by George W. McGinley, M.D.**

**Plaintiffs' Response:**  Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Notwithstanding and without waiving said objection, Plaintiffs did provide Defendants' attorney with the opportunity to review and copy all non-privileged documents contained in Plaintiffs' file on May 19, 2006.

The relevance of the information requested is obvious. What Dr. McGinley said or didn't say to the Plaintiffs' about Timothy McGinley's addiction is at the heart of the medical malpractice action. Plaintiffs must provide a full and accurate answer to this interrogatory.

**E.     Interrogatories 11 and 12**:

**Interrogatory 11: Without referring to Plaintiffs' Complaint, identify all evidence and facts that tend to support Plaintiffs' contention that the conduct of George W. McGinley, M.D., George McGinley, P.C. and Walter's Pharmacy, as alleged in Plaintiffs' Complaint in this action and in the Underlying Action, constituted actionable medical malpractice**.

**Interrogatory 12: Identify and fully describe any and all sources of anticipated and available recovery relative to Plaintiffs' Underlying Action. Provide all documentation that supports your response.**

**Plaintiffs' Response:**  In response to both interrogatories, Plaintiffs wrote: "Defendants' attorney had the opportunity to review and copy all non-privileged documents contained in Plaintiffs' file on May 19, 2006. As such, he had the opportunity to retrieve the documents which would answer Interrogatory No. [11 or 12, respectively]."

As I have discussed above, a suggestion that Defendants construct their own interrogatory answers from its file is not proper. Plaintiffs are directed to provide answers to these interrogatories.

V.  Conclusion

For the reasons set forth in this Opinion, I now enter the following:

### O R D E R

AND NOW, this _____ day of August, 2006, upon consideration of Defendants Joseph P. Stampone, Esquire and Stampone D'Angelo, Renzi, DiPiero, P.C.'s Motion to Compel Plaintiffs' Answers to Interrogatories, docketed in this case as Document 20, and Plaintiffs' response thereto, it is hereby

ORDERED that Defendants' Motion is GRANTED. Plaintiffs are to provide full and complete answers to Defendants' Interrogatories 3, 5, 6, 8, 9, 10, 11, 12 and 14 within 10 days of their receipt of this Order and Opinion.

BY THE COURT:

/s/ Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE