IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY McGINLEY and | : | CIVIL ACTION |
| CATHERINE McGINLEY | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. BARRATTA, ESQ., | : | |
| et al. | : | NO. 06-510 |

ORDER AND OPINION

JACOB P.  HART                                           DATE:   August 11, 2006
UNITED STATES MAGISTRATE JUDGE

In this legal malpractice action, Plaintiffs claim that Defendants failed to timely file their medical malpractice claim, based on a one-car accident in which Timothy McGinley was injured while under the influence of prescription pain killers.  Defendants Joseph P. Stampone, and Stampone, D'Angelo, Renzi, DiPiero, P.C., have moved to compel plaintiffs' live depositions in Philadelphia.  In their response, Plaintiffs have asked that this court permit them to appear telephonically from Florida, where they now live.  As explained below, I will grant Defendants' motion.

I.      Relevant Legal Principles

The Federal Rules of Civil Procedure provide that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  One way of obtaining evidence is by conducting depositions.  Fed. R. Civ. P. 30. Under Rule 30(b)(7), a deposition may be taken by telephone at the stipulation of the parties or upon order of the court.

As the Honorable Juan R. Sánchez has explained:

Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition.  Fed. R. Civ. P. 30(b)(1).  Resolution of any dispute regarding location is left to the sound discretion of the court.  Philadelphia Indemnity Insurance Co. v. Federal Insurance Co., 215 F.R.D. 492, 495 (E.D. 2003).  A party who objects to the place set for deposition ordinarily files a motion for a protective order, averring physical or financial hardship.  Fed. R. Civ. Pr. 26(c).  Normally, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum.  Wright & Miller, Federal practice and Procedure § 2112 (1994); United States v. Rock Springs Vista Dev., 185 F.R.D. 603, 604 (D. Nev. 1999) (requiring plaintiff to appear in forum for deposition in absence of showing of good cause for varying from the normal rule).

Sampathachar v. Federal Kemper Life Assurance Co., Civ. A. No. 03-5905, 2004 WL 274589 at

*1 (E.D. Pa. Nov. 24, 2004).

Judge Sánchez suggested that the person seeking an in-person deposition has the burden

of proving that a telephonic deposition would be prejudicial, noting that "nothing in the language

of Rule 30(b)(7) requires that a telephonic deposition may only be taken upon a showing of

necessity, financial inability, or other hardship." Id.  However, he added:  "Telephone

depositions are not recommended for obtaining controversial testimony.  You cannot observe the

impact of your question or the witness' nonverbal responses.  Moreover, you will be unable to

ascertain if anyone is listening in or 'coaching' the witness." Id. at *2, citing Rock Springs,

supra, at 185 F.R.D. 604.  Indeed, in Sampathachar, Judge Sánchez compelled a plaintiff to come

from India to Philadelphia for an in-person deposition.

II.    <u>Factual Background</u>

Plaintiffs point out Timothy McGinley was deposed on videotape several years ago for the medical malpractice case which underlies this lawsuit.  As a result, Plaintiffs maintain, Defendants have had a chance to evaluate McGinley's demeanor and do not need to see him in person.  They further argue that, because McGinley was deposed about the motor vehicle accident, his deposition in this case should be limited to questions about his contact with the Defendants.  They argue that the inconvenience and expense to them of traveling to Philadelphia outweighs the Defendants' need for such a limited deposition.

Defendants argue, however, that their present counsel is entitled to obtain a personal impression of the Plaintiffs.  They also argue that they need to ask Mr. McGinley not only about his contacts and visits with the Defendants, but also about the current status of his alleged medical damages, and about his "current memory of any important events, as he said [presumably at his deposition in the medical malpractice case] that his ability to remember seems to vary."

Further, Defendants state that they have arranged for a vocational expert to interview Mr. McGinley while he is in Philadelphia, to test his claim that the is totally disabled.  They say they may also schedule other medical or psychological evaluations at that time "which absolutely require Mr. McGinley to be available live and not by video conference."

III.    <u>Discussion</u>

I agree with Judge Sánchez and the <u>Rock Spring</u> judge that telephonic, or even videotaped, depositions are not optimal in the case of "controversial testimony."  Except where all facts are stipulated, and only the resolution of a legal issue is required to end the case – which

3

is not true here – the testimony of a plaintiff is almost certain to be "controversial."  Accordingly, in-person depositions of both Plaintiffs are preferable.

Plaintiffs have not shown why the inconvenience and expense for them in this case is any greater than it would be in the majority of cases which form the general rule set forth in <u>Wright & Miller</u>, that a plaintiff is expected to appear for deposition in the forum he or she selected. They have not made any representation regarding their financial situation.  Nor have they even argued that travel is contraindicated by reasons of health.

Finally, without expressing an opinion on the Defendants' entitlement to any particular "medical or psychological evaluation", it appears likely that Plaintiffs will be required to come to Philadelphia for some sort of examination, since they have at least placed Timothy McGinley's physical condition at issue.  For these reasons, I will direct the Plaintiffs to appear in Philadelphia for in-person depositions.

I will not limit the subject matter of the depositions.  Most importantly, Plaintiffs have not directly asked me to do so, even though they have stated that Defendants should question Timothy McGinley only about his contacts with Defendants. Thus, the issue is not fully developed.  Further, it is to be expected that Defendants can strike a balance between their right to obtain further testimony from Timothy McGinley, and his right not to be harassed by extensive questioning on matters already known to Defendants.

O R D E R

AND NOW, this            day of August, 2006, upon consideration of  Joseph P. Stampone, Esq., and Stampone, D'Angelo, Renzi, DiPiero, P.C.'s Motion to Compel Plaintiffs'

4

Deposition, filed in this action as Document 22, the response thereto, and moving Defendants'

reply, it is hereby ORDERED that the motion is GRANTED.  Plaintiffs are to make themselves

available on a mutually convenient date before November 1, 2006, for their in-person depositions

by the moving Defendants in Philadelphia.

BY THE COURT:

/s/ Jacob P. Hart

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE