IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY McGINLEY and            :        CIVIL ACTION
CATHERINE McGINLEY              :
                                :
        v.                      :
                                :
ANTHONY J. BARATTA, ESQ.,       :
et al.                          :        NO. 06-510

ORDER AND OPINION

JACOB P.  HART                              DATE:   September 12, 2006
UNITED STATES MAGISTRATE JUDGE

In this legal malpractice action, plaintiffs Timothy and Catherine McGinley maintain that

defendants, their former attorneys, wrongly failed to file a medical malpractice action before the

expiration of the statute of limitations.

As explained below, Defendants Joseph P. Stampone, and the law firm of Stampone,

D'Angelo, Renzi, DiPiero, P.C., (collectively, "Stampone"), have filed a motion seeking

sanctions for Plaintiffs' failure to comply with two discovery orders I have entered.  Plaintiffs

have filed a response to this motion, and also a separate "Motion for Reconsideration and

Protective Order."  For the reasons set forth below, Stampone's motion will be granted and the

Plaintiffs' motion will be dismissed as untimely.

I.      Factual and Procedural Background

On July 26, 2002, Timothy McGinley was injured in a one-car motor vehicle accident.

Complaint at ¶ 21-28.  Stampone referred the Plaintiffs to Defendants Anthony J. Baratta, and the

firm of Baratta & Russell, P.C., to pursue a medical malpractice action against a physician who

allegedly prescribed narcotic pain killers from McGinley while knowing, or while he should have

known, that McGinley had earlier become addicted to narcotic pain killers prescribed by the

same doctor.  Id. at ¶ 21-25.  The motor vehicle accident took place while McGinley was under the influence of these prescription pain killers.

In February, 2004, Defendants terminated their relationship with Plaintiffs, who then retained new counsel.  Id. at 38.  When the case was filed in this Court, however, it was dismissed for failure to meet the one-year California statute of limitations for a medical malpractice action.  The Honorable Bruce W. Kauffman ruled that the statute of limitations expired on July 26, 2003, one year from the date of Mr. McGinley's motor vehicle accident.  On that date, Plaintiffs were represented by Baratta and Stampone.  Id. at ¶ ¶ 42-43.  Plaintiffs filed this legal malpractice action on February 1, 2006.

On August 8, 2006, I granted Stampone's motion to compel Plaintiffs to provide full and complete answers to nine out of a set of interrogatories served upon them.  I directed Plaintiffs to serve the interrogatory responses within ten days of the date of my Order.  On August 11, 2006,  I also granted a second motion filed by Stampone, seeking to compel Plaintiffs to appear for their depositions in Philadelphia.  Plaintiffs' position had been that they would only appear telephonically from Florida, where they now live.  Specifically, I directed Plaintiffs to make themselves available in Philadelphia on a mutually convenient date before November 1, 2006, the discovery deadline in this case.

On August 24, 2006, however, Stampone filed the present motion for sanctions.  In it, he maintains that, even following receipt of the August 8 and 11 Orders, Plaintiffs would neither provide answers to the interrogatories at issue, nor would they schedule deposition dates.  According to Stampone, Plaintiffs maintained that they were not required to comply with the Court orders, because they planned to file a motion for reconsideration.  Stampone pointed out,

however, that the ten-day deadline for filing such a motion had passed by the time he filed his motion for sanctions.

On September 7, 2006, Plaintiffs filed a motion for reconsideration of my August 11, 2006, Order regarding the depositions. The next day, they filed a response to Stampone's motion for sanctions. In it, Plaintiffs maintain that they complied with the August 8, 2006, Order by providing interrogatory responses to Stampone on August 31, 2006. They further argue that their failure to schedule deposition dates did not violate the August 11, 2006, Order, because depositions were specifically permitted to be scheduled for any date prior to November 1, 2006.

II.   Legal Principles

Federal Rule of Civil Procedure 37(b)(2) provides that, where a party fails to obey a court order to provide discovery, the court may "make such orders in regard to the failure as are just." Such actions may include refusing to allow the disobedient party to support or oppose designated claims or defenses, or to introduce certain evidence. Rule 37(b)(2)(A).

Moreover:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure to was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2)(E).

Also relevant to this case is the Eastern District of Pennsylvania Local Rule 7.1, regarding motion practice. The rule states in relevant part that "motions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of the judgment, order or decree concerned." Local Rule 7.1(g).

III.   <u>Discussion</u>

A.   <u>The August 11, 2006 Order:  The Depositions</u>

Despite Plaintiffs' argument to the contrary, it is evident that Local Rule 7.1 required any motion for reconsideration of my Orders to be filed within ten days after their entry.  Plaintiffs argue that it is not clear that Rule 7.1 applies to discovery disputes.  Nevertheless, as noted above, Rule 7.1 specifically establishes a ten-day deadline to seek reconsideration of an "order", without placing any limit on that term.  There is nothing there which could have led Plaintiffs to believe that the rule did not apply to orders regarding discovery.  In fact, it does.  <u>See</u> <u>e.g.</u>, <u>Grider v. Keystone Health Plan Central, Inc.</u>, Civ. A. No. 01-5641, 2004 WL 902367 at * 8 (E.D. Pa. Apr. 27, 2004).[1]

It is plain, therefore, that Plaintiffs were not entitled to put off their compliance with my August 11, 2006, Order indefinitely while they pondered the filing of a motion for reconsideration.  It is equally clear that the fact that depositions could *take place* at any time until November 1, 2006, did not mean that Stampone had to wait until November before determining whether Plaintiffs had violated my Order.  As of August 11, 2006, Plaintiffs were under a court-imposed obligation to arrange deposition dates.  They have not met this obligation.

---

[1]In their motion for reconsideration, Plaintiffs alternatively seek the entry of a protective order, under Fed. R. Civ. Pr. 26(c).  Such a motion is not appropriately filed at this stage.  I have already ruled that depositions be scheduled, and I have refused to limit the subject matter covered (although I cautioned Stampone's attorneys to use discretion).  Therefore, the "motion for a protective order" is nothing more than a retitling of their motion for reconsideration.

I also note that, although my refusal to limit the subject matter of the depositions was based, in part, upon the fact that the issue had not been fully briefed, Plaintiffs' 2 1/3 page memorandum in support of their "Motion for Reconsideration and Protective Order" does not provide any fuller briefing.

For this reason, I will specify in the present decision that, within three days of the date of this Order, Plaintiffs – in conjunction with counsel for Stampone – shall have agreed on the dates upon which their Philadelphia depositions will take place.

In the event of Plaintiffs' failure to comply with this order, Stampone may seek to recover from them any attorneys fees for hours expended after that three-day period in order to arrange depositions, including those hours spent in petitioning the court, as well as a sanction of  $40 per day for every day between the end of the three-day period and the day that deposition dates are finalized.

Finally, I am compelled by Rule 37(b)(2)(E) to permit Plaintiffs to petition the Court now for the recovery of their attorney's fees and costs in connection with this motion for sanctions. Plaintiffs have not shown that their failure to comply with the August 11, 2006, order was substantially justified, or that any other circumstances would make such an award unjust.

B.    The August 8, 2006, Order:  The Interrogatories

Plaintiffs were in violation of my August 8, 2006, order from August 18 through August 30, 2006.  They do not dispute this.  It is appropriate, therefore, that the Rule 37(b)(2)(E) fees and costs I award to Stampone will also compensate him for filing the motion for sanctions with regard to the August 8, 2006, Order.  Apparently, the filing of this motion was necessary in order to obtain Plaintiffs' eventual compliance.

For the reasons set forth above, I now enter the following:

<u>O R D E R</u>

AND NOW, this   12th       day of September, 2006, upon consideration of Defendants

Joseph P. Stampone, Esquire and Stampone, D'Angelo, Renzi, DiPiero, P.C.'s Motion for

Sanctions against Plaintiffs, filed as Document 28 in this case, as well as Plaintiffs' response; and

upon consideration of Plaintiffs' Motion for Reconsideration and Protective Order, filed as

Document 29 in this case, it is hereby ORDERED that:

1.      Within three days of the date of this Order, Plaintiffs shall have cooperated fully with Stampone in finalizing dates for their depositions, to take place in Philadelphia on or before November 1, 2006, and such dates shall be finalized;

2.      In the event that Plaintiffs fail to comply with ¶ 1 of this Order, Stampone may petition this Court to recover from Plaintiffs any attorneys fees for hours expended after that three-day period in order to arrange depositions, including those hours spent in petitioning the court, in addition to a sanction of $40 per day for every day between the end of the three-day period and the day that deposition dates are finalized;

3.      Within ten days of the date of this Order, Stampone may petition the Court to recover from Plaintiffs his attorney's fees and costs in connection with the preparation and filing of his motion for sanctions, including those incurred in the preparation of the petition; and it is further ORDERED that

4.      Plaintiffs' Motion for Reconsideration and Protective Order, filed as Document 29 in this case is DISMISSED AS UNTIMELY.


                        BY THE COURT:


                        /s/Jacob P. Hart
                        _____
                        JACOB P. HART
                        UNITED STATES MAGISTRATE JUDGE