IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY McGINLEY and | : | CIVIL ACTION |
| CATHERINE McGINLEY | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. BARRATTA, ESQ., | : | |
| et al. | : | NO. 06-510 |

ORDER AND OPINION

JACOB P. HART                                                          DATE:  October 16, 2006
UNITED STATES MAGISTRATE JUDGE

On September 12, 2006, I granted a motion filed by defendants Joseph P. Stampone and the law firm of Stampone, D'Angelo, Renzi, DiPiero, P.C. (collectively, "Stampone"), seeking sanctions against Plaintiffs for failing to comply with discovery orders I entered on August 8 and 11, 2006.  I awarded Stampone his attorneys fees expended in the preparation of a motion for sanctions, and for the preparation of a fee petition.

As directed, Stampone filed a fee petition on September 21, 2006.  Plaintiffs have objected to the amount of the fee.  Having considered both submissions, as well as Stampone's reply memorandum, I will award Stampone a fee in the amount of $728.50.

I.     Relevant Law

The starting point for determining attorneys' fees is the number of hours expended multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This calculation results in the "lodestar," which is presumptively correct but which may be adjusted should the court find such adjustment appropriate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party petitioning for attorney's fees has the burden of showing that the fees and costs sought are reasonable.  Clarke v. Whitney, 3 F. Supp.2d 631, 633 (E.D. Pa. 1998).

II.     Discussion

Stampone has requested a total of $498.50 for the preparation and filing of his motion for sanctions. A total of 3.7 hours was expended on this project, including 3.4 hours of drafting and .3 hours for electronic filing. Exhibit B to Fee Petition. The partner in charge of this case spent a total of .70 hours on the motion, and his associate spent the other three hours. Id. The partner charged at a rate of $155.00 per hour, and the associate charged $130.00 per hour. Id.

Stampone asked for $250.00 for the preparation of the fee petition. Fee Petition at ¶ 6. This represented an estimate, since the petition was (obviously) not yet completed and filed at the time it was drafted. All work was performed by the associate, so this would represent a time expenditure of slightly under two hours. In his reply memorandum, however, Stampone reports that the fee petition actually took 2.2 hours to prepare.

Plaintiffs object that "Defendants would be unjustly enriched if this Court awarded them any amount of money related to the preparation and filing of its Motion for Sanctions and Fees." This issue, however, was resolved in my September 12, 2006, Order, where I decided to award fees.

More pragmatically, Plaintiffs complain that 3.4 hours is an excessive amount of time for drafting such a simple motion. Indeed, while the motion itself is four pages, the accompanying memorandum is only five pages, and it primarily restates the contents of the motion. No cases are cited, and a certain portion of the writing is simply a reproduction of Federal Rule of Civil Procedure 37(b)(2).

Nevertheless, I find that the simplicity of the motion is reflected by the relatively short amount of time in which it was drafted.  If any research had been required, the project would have taken longer to complete. Most of the work was done by the associate, which kept the costs expended appropriately low.  Further, the motion was attractively presented, in a clear format and without typographical error.  Any time used in ensuring this, was time well-spent.  For this reason, I will make no reduction in the lodestar related to the drafting of the motion for sanctions.

I will, however, reduce by approximately half the amount billed for electronically filing the motion.  Plaintiffs argue that .30 hours, i.e., twenty minutes, was an excessive amount of time to spend doing this.  Although that is not a large amount of time by any real measure, I note that the same associate was able to "perform final review of petition for fees and attachments for document integrity and electronically file" in only .20 hours.  I will therefore reduce the charge for filing the motion for sanctions from $39.00 to $19.00.

As for the fee petition, I will permit Stampone to recover $250.00.  I find that the time expended was appropriate – although the document is quite short, it obviously required a compilation of billing records.  It is also significant that, before filing the fee petition, Stampone gave plaintiffs the opportunity to pay the $498.00 associated with the motion for sanctions, thus avoiding the extra expenditure for an additional filing.  Plaintiffs curtly responded:  "we will not pay you any fee," an extreme position, given that my September 12, 2006, Order informed Plaintiffs that they would, in fact, pay a fee.  Exhibit C to Stampone's Petition for Fees.

I will not, however, permit Stampone to recover charges in excess of the $250 that was requested in the original petition, since Plaintiffs will not have an opportunity to respond to the reply memorandum.

In accordance with this Opinion, I will enter the following:

O R D E R

AND NOW, the 16th day of October, 2006, upon consideration of the Petition For Fees Pursuant To Fed. R. Civ. P. 37(b)(2)(E) Of Defendants Joseph P. Stampone, Esquire and Stampone, D'Angelo, Renzi, DiPiero, P.C., filed in this matter as Document 32, Plaintiffs' Response thereto, and Defendants' reply, it is hereby ORDERED that

In accordance with my Order of September 12, 2006, awarding sanctions against Plaintiffs, Plaintiffs shall pay to Defendants Joseph P. Stampone, Esquire and Stampone, D'Angelo, Renzi, Diero, P.C., a sanction in the amount of $728.50.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE